HARRISON PITTMAN

*v.*

THOMAS SOFLEY.

1. NOTICE *to purchaser—whether sufficient.* A party being sick and in anticipation of death, executed his will and certain deeds, making a disposition of his estate. Shortly afterward one of the deeds was recorded, but in violation of the instructions of the grantor, there having been no actual delivery of the deed to the grantee—the directions being that the deed was not to be recorded until after the death of the grantor. Subsequently, and after the grantor had knowledge of the record of the deed for three years, acquiesced in the truth of the record, and silently assented to the goodness of the title evidenced by it, the grantee conveyed to another, the purchaser acting on the advice of counsel as to the goodness of the title, and paying full value for the land, the only notice he had of any adverse claim being that, when he went to examine the record he was informed, by one who had no interest in the land, that there was some trouble about the title, but no fact and no names being mentioned, and no means afforded to prompt inquiry: *Held,* the notice was insufficient to charge the purchaser, and the first grantor must be regarded as having ratified the delivery of his deed.

2. The notice in such case, in order to charge the purchaser, should always be clearly proved, and should be of such a character that a disregard of it would amount to a fraud.

APPEAL from the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

This was a suit in chancery, brought by Sofley, to set aside two deeds to a certain tract of land, one made by the complainant July 13, 1863, to Cordelia Teters, and the other made in September, 1868, by said Cordelia Teters, then Cordelia Ostrander, and her husband, John E. Ostrander, to Harrison Pittman. The court decreed according to the prayer of the bill. Pittman appeals.

Mr. C. H. PATTON, for the appellant.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

On the 13th of July, 1863, the complainant was sick, and, in anticipation of death, executed his will and certain deeds, and made a disposition of his estate by bequeathing a portion to his wife and the remainder to his adopted children. At that time a deed to the land in controversy was made to Cordelia Teters, who had lived with the complainant from her infancy until in 1867, when she married one Ostrander.

The deed was recorded on the 27th of July, 1863, but it may reasonably be inferred that the recording was in violation . of the instructions given by the grantor. He, however, had knowledge of its record for about three years before the purchase of the land by appellant from Mrs. Ostrander.

The allegations in the bill as to the mental unsoundness of the complainant at the time of making the deed, are not sustained by the proof. Neither was there actual delivery to Cordelia, nor do the facts warrant a presumption of delivery. The directions were, that the deed was not to be recorded until after the death of the grantor.

All notice of the equities of complainant is positively denied in the answer, and the only proof of notice is that, when the purchaser examined the record he was informed that there was some trouble about the title. No fact and no names were mentioned, and no means afforded to prompt inquiry. The purchaser consulted counsel, found the title good, made the purchase, and paid full value for the land.

For years the complainant acquiesced in the truth of the record, and silently assented to the goodness of the title evidenced by it. He instituted no suit, and used no effort to prevent imposition, until his displeasure at the marriage of Cordelia roused him to action. In the absence of sufficient notice to a *bona fide* purchaser, the grantor must be regarded as having ratified the delivery.

The notice was wholly insufficient. It was only a vague report from one who had no interest in the property, and could

not affect the purchaser's conscience.  It should always be clearly proved, and should be of such character, that a disregard of it would be a fraud.

In this case the purchaser should be protected.

The decree is reversed and the cause remanded.

*Decree reversed.*