CHARLES K. NICHOLS *et al.*

*v.*

FRANKLIN J. POOL *et al.*

89   491
28a  394
89   491
143  512
89   491
200  ¹ 92

1. ATTORNEY'S LIEN *on judgment for fees.* An attorney at law has no lien upon a judgment for his fees in the litigation resulting in its recovery.

2. SAME—*lien on papers, lost by their surrender.* Even though an attorney at law has a lien on papers placed in his hands to be used in a suit, for his fees, possession of such papers is indispensable, and if he voluntarily surrenders them, his lien is gone.

3. ESTOPPEL—*by not giving notice of claim.* When a debtor makes an assignment of a claim then in litigation to a receiver, pursuant to an order of court, and his attorneys are present at the examination of the debtor, and assist in making the assignment, and give no notice of any claim or secret lien upon the matters assigned for their fees in procuring a decree for its payment, such attorneys will be estopped from subsequently setting up any right to the money when collected under the decree.

4. ASSIGNMENT—*debtor making can not appropriate proceeds differently.* Where a debtor, under a decree of court, makes an assignment of a claim for money then in suit, to a receiver, for the benefit of his creditors, this will pass all his interest in a decree afterwards obtained in his name for the money due on such claim, and if he appropriates the money in the payment of his attorneys, he becomes liable in equity for its repayment to his creditors.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. FRANK J. SMITH, for the appellants.

Mr. WILLIAM J. MANNING, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from an order of the court below directing appellants to pay the amount collected upon a decree in their favor against the Singer Manufacturing Company, to appellees.

The material facts are: In 1874, appellees recovered a judgment in the Superior Court of Cook county against appellants for $260.72, and being unable to obtain a satisfaction of this judgment, appellees, afterwards, on the 21st of March, 1876, filed in the Superior Court of Cook county a creditor's bill against appellants, under which a receiver was appointed. On the 6th of May, following, appellants were examined before a master in chancery in regard to their assets, and both testified that their principal assets were a claim of $7,000 or $8,000 against the Singer Manufacturing Company, then in suit in the circuit court of Cook county, the case having been submitted to and tried before a judge of that court, before that time, and the decision being then held under advisement. This claim, together with all other assets of appellants, was then duly assigned by appellants in writing, before the master in chancery, to the receiver. The suit by appellants against the Singer Manufacturing Company in which appellants made claim for the $7,000 or $8,000, was commenced by a bill in chancery filed by the Singer Manufacturing Company against

appellants, for account,—to which appellants, after answering, filed their cross-bill setting up and asking a decree for the amount of their claim.    Messrs. Dow & Smith, attorneys at law, represented appellants in this litigation, and rendered services, it is claimed, to the value of $700, and at the commencement of the litigation appellants placed in the hands of their said attorneys sixty-six sewing machine leases, and the same remained in their hands until surrendered to the Singer Manufacturing Company, as hereinafter shown to be recited in the decree.

One of the attorneys representing appellants in their litigation with the Singer Manufacturing Company, appeared before the master in chancery and acted as appellants' attorney there, in their examination touching their assets, and in the making of the assignment, making no claim whatever to any lien in favor of himself and associate on the claim in favor of appellants against the Singer Manufacturing Company.

On the 7th of July next after the assignment to the receiver, the judge of the circuit court of Cook county orally announced the decision of the court in the pending litigation between appellants and the Singer Manufacturing Company, awarding a decree in favor of appellants for only $294.13.    Of this decision, neither appellees nor the receiver were advised until the 25th of September following, when the formal decree was filed.    The decree drawn appears to have been in conformity with an agreement between appellants and their attorneys and without the approbation or knowledge of the receiver or appellees, being also assented to by the attorneys of the Singer Manufacturing Company.

After decreeing the payment of the $294.13, found due appellants from the Singer Manufacturing Company, the decree has this: "And the said Nichols & Pearson, by their counsel, having surrendered to said Singer Manufacturing Company the sewing machine leases hereinbefore, and in said cross-bill mentioned, and the said Singer Manufacturing Company having paid to said counsel, upon such surrender, the said sum

494 NICHOLS *et al. v.* POOL *et al.* [Sept. T.

Opinion of the Court.

of two hundred and ninety-four and thirteen hundredths dollars, this decree is ordered satisfied, except as to costs." It is then added, "The above decree is satisfactory,"—which is signed by the attorneys of the Singer Manufacturing Company, and the said attorneys of appellants, in their capacity as such attorneys.

The order appealed from directs that this $294.13 be paid by appellants to appellees.

In addition to the legal presumption that makes the act of an attorney at law, within the scope of his employment, the act of the client, the record here shows, with reasonable certainty, that the payment of this money to the attorneys of appellants was with their knowledge and in accordance with their wishes. The question should be, therefore, considered precisely as if the money had been paid directly to appellants, unless it shall appear that the attorneys had a lien prior to that of appellees on the money paid. This claim, however, is asserted by appellants, and that presents the only question to be determined.

This court held, in *Forsythe* v. *Beveridge*, 52 Ill. 268, that an attorney at law has no lien upon a judgment for his fees in the litigation resulting in its recovery; and, since the court has undergone no change of opinion in this respect, it is unnecessary to review the reasoning by which the decision in that case is supported.

The reasoning in that case would seem to deny the right of an attorney to a lien on papers placed in his hands to be used in a suit, but even if it were otherwise, that lien, where it exists, only gives the right to detain the papers until the fee is paid,—possession is indispensable to the lien,—*Dubois' appeal*, 38 Penn. St. 231; and the papers here having been voluntarily surrendered by the attorneys to the appellants and by them turned over to the Singer Manufacturing Company, as the decree recites, the lien was gone.

Moreover, we are of opinion, as the assignment was made pursuant to decree of court, it was incumbent on these attor-

neys, they being the representatives of appellants in that proceeding, to give notice of any secret lien they may have had affecting the interests assigned, and that, not having done so, they should be estopped to subsequently set up their claim.

The assignment vested all rights appellants had in the decree to be rendered, in appellees, and the subsequent appropriation by appellants of the money collected on the decree in payment of their attorneys rendered them liable for its repayment, as was ordered by the court below.

*Decree affirmed.*