WILLIAM HAWK, FOR USE, ETC.,

V.

WILLIAM T. AMENT.

*Attorneys—Lien on Judgment for Fees and Disbursements—Contract— Assignment of Judgment—Notice—Inquiry.*

1. An attorney may, by previous agreement with his client, acquire an equitable lien on a judgment recovered or the subject-matter of the litigation and proceeds thereof, for his fees and disbursements in the case.

2. A lien so acquired takes precedence of the claim of a subsequent assignee without notice, the interest of an assignee of a chose in action being limited by the equities of his assignor.

3. It *seems* that, where the assignee of a judgment is put upon inquiry, he must, in making a reasonable effort to ascertain whether any claim exists against it, make inquiry of the attorney of the judgment creditor.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. J. A. McKENZIE, for appellant.

The agreement between Hawk and Ament was legal, and was nothing more nor less than an agreement by parol for a conditional fee. He was to have a one-half interest for his services.

An attorney has no lien upon the judgment for his services. Forsythe v. Beveridge, 52 Ill. 268; Nichols v. Pool, 89 Ill. 494; La Framboise v. Grow, 56 Ill. 202.

If Mr. Ament's arrangement was anything other than simply an agreement for a conditional fee, if it was a present sale of one-half the chose in action absolutely, and would be good as against subsequent *bona fide* purchasers without notice, then, had the railway compromised the claim and paid the agreed amount to Hawk, it would still have been responsible to Ament for his half, which was to be his for attending the litigation.

"A plaintiff may properly compromise his cause of action with the defendant and the defendant will not be bound to inquire whether the plaintiff has paid his attorney." La Framboise v. Grow, 56 Ill. 202.

It is the duty of persons to give notice of any secret liens. Nichols v. Pool, 89 Ill. 495.

Mr. A. E. HARDING, for appellee.

To constitute a valid assignment in equity, of a debt or other chose in action, no particular form of words is necessary. Any words are sufficient that show the intention of transferring the chose in action to the assignee for a valuable consideration. Thompson v. Spies, 13 Sim. 469; Chown v. Baylis, 31 Beav. 351; Row v. Dawson, 1 Ves. 331; Pass v. McCrea, 36 Miss. 143; Kimball v. Donald, 20 Mo. 577; Garnsey v. Gardner, 49 Me. 167; Lannon v. Smith, 7 Gray, 150; Jones v. Witter, 13 Mass. 304; Grover v. Grover, 24 Pick. 261.

An assignment of a part of a claim is good in equity. Exchange Bank v. McLoon, 73 Maine, 498; Daniels v. Meinhard, 53 Geo. 359; Risley v. Phœnix Bank, 83 N. Y. 318.

Assignments of choses in action, possibilities, expectancies and things not *in esse*, will be protected and enforced in equity. The assignee is regarded as the true owner of the chose in action. Thalheimer v. Brinkerhoff, 20 Johns. 380; Wright v. Wright, 1 Ves. 411; Mandeville v. Welch, 5 Wheat. 283; Bacon v. Benham, 33 N. J. Eq. 614; Trull v. Eastman, 3 Met. 121; Kountz v. Kirkpatrick, 72 Pa. St. 376.

It is claimed, however, that appellant is protected, because he bought the judgment without notice of any previous transfer, and is therefore a *bona fide* purchaser. The rule as to notice established by authority applies to the debtor only.

If he pay a claim to the assignor without notice of the assignment, he will be protected. Hence the assignee must notify him if he desires any benefit from such assignment. Campbell v. Day, 16 Vt. 358 ; Loomis v. Loomis, 26 Vt. 201; Noble v. Thompson Oil Co., 79 Pa. St. 354; Heemans v. Ellsworth, 64 N. Y. 159 ; Dodd v. Brott, 1 Minn. 270.

Or if he would protect himself from the effect of a garnishment against his assignors. Carr v. Waugh, 28 Ill. 418 ; Hodson v. McConnel, 12 Ill. 170 ; Morris et al. v. Cheney, 51 Ill. 451.

This rule as to notice does not apply as between two different assignees of the same chose in action. The rule at law as well as in equity, in a conflict of equitable claims, is *qui prior est tempore, potior est jure.* Muir v. Schenck & Robinson, 3 Hill. 228.

This doctrine is fully sustained by the cases of Bush v. Lathrop, 22 N. Y. 535 ; Shaffer v. Reilly, 50 N. Y. 61 ; Davis v. Austin, 1 Ves. Jr. Ch. 247.

LACEY, P. J. Wm. Hawk recovered a judgment in the Livingston County Circuit Court against the Wabash, St. Louis and Pacific Railway Company, from which the defendant prosecuted an appeal to the Appellate Court, where the judgment was affirmed. From the Appellate Court the railroad company prosecuted its further appeal to the Supreme Court. While the cause was pending in the last named court and undetermined, the plaintiff, Hawk, sold and assigned in writing the said judgment to James O'Conner for a consideration of $275. The date of this assignment was May 16, 1887, and the said judgment of the Appellate Court was affirmed by the Supreme Court on the 17th of the following June. It appears from the record that the appellant, O'Conner, had no actual notice of any interest of the appellee, Ament, in said judgment.

Hawk v. Ament.

The appellee's claim originated in the following manner: The said Hawk had a cause of action against the said railroad company for damages accruing for personal injuries he had received while acting as an employe of the company, and being desirous of prosecuting the case for the recovery of his damages he entered into a contract with the appellee, Ament, who was an attorney at law, to give him one-half of whatever judgment might be recovered in consideration that the latter would prosecute the case to final judgment. The appellee fulfilled his part of the contract and recovered judgment in the Livingston County Circuit Court for the sum of $1,900 and costs of suit, at its January term, 1884, with the result of the different appeals and decisions as above mentioned. In addition to this half interest appellee, after the case was appealed to the Supreme Court, was promised by Hawk to be reimbursed out of the judgment for all money appellee should advance in said court. About January, 1888, the railroad company paid the amount of the judgment and interest, amounting to $2,349.66, to the clerk of the Circuit Court.

At the January term, 1888, of the said court, appellant made his motion asking the court to direct the payment of the amount of the said judgment now in the hands of the clerk to him or his attorney, and the appellee made his cross-motion for an order on the clerk to pay over to him the sum of $1,417.25, as belonging to him. The court sustained the cross-motion of appellee in part and ordered the clerk to pay over to him the sum of $1,174.83, or one-half of the judgment collected, and the balance to the appellant. From this order this appeal is taken by James O'Conner. The assignment to O'Conner was recorded in the miscellaneous records of the circuit clerk's office of the county. There are two questions presented here for our consideration: 1. Assuming that appellant was an innocent purchaser of the judgment without notice, are his equities superior to those of the appellee? 2. Under the circumstances surrounding the assignment, should appellant be held to notice of appellee's claim? In the first place we think there can be little doubt that an attorney may, by agreement with the client, acquire an equitable lien

as against him in the judgment recovered, or the subject-matter of the litigation and proceeds thereof for his fees and disbursements in the case. This doctrine was fully recognized in Smith v. Young et al., 62 Ill. 210. See also Patton v. Wilson, 34 Pa. St. 299. And in the latter case it is expressly held that the attorney, in respect to his fee so contracted, will be protected against an attaching creditor of the judgment creditor even when attached without notice. The statute also recognizes an attorney's lien for his fees in cases where mutual judgments are attempted to be set off on mutual executions in the hands of the sheriff. See Exception 5 to Secs. 58 and 60, Chap. 77, R. S. The agreement between appellee and Hawk that the former should have one-half of the judgment to be recovered amounted to an equitable assignment. Patton v. Wilson, *supra.*

The question now remains, is the lien of appellee on the judgment created by contract defeated by the subsequent assignment of the judgment to appellant by Hawk, without notice to the appellant of the lien of the appellee, if such was the case.

The question presented here has never been definitely settled by any adjudication in this State. And we have examined the question with much interest and care. It has been held by our Supreme Court that at common law, "an attorney has no lien upon a judgment for his fees in the litigation resulting in its recovery." Nichols et al. v. Pool et al., 89 Ill. 491; Forsythe v. Beveridge, 52 Ill. 268. But in the case under consideration it will be seen the lien does not arise as a matter of law out of the mere fact of the existence of the relation of client and attorney and the performance of the legal services, but arises out of an express contract and equitable assignment. Nor is the decision in the case of Nichols v. Pool, *supra,* in any way at variance with the doctrine that a lien like this may be created by contract, for in that case the case was decided against the lien claimed by the attorneys on the ground of estoppel *in pais.* We think the decided weight of authority is in favor of the doctrine that the assignee of a chose in action only takes the same equities that the assignor

had, and this rule applies to third parties who acquire rights to the thing assigned, before the assignment of which the last assignee may not have notice.   For some of the cases holding this doctrine we refer to Bush v. Lathrop, 22 N. Y. 535; Schaffer v. Rukey, 50 N. Y. 61; Davis v. Austin, 1 Ves. Jr. 247; Carr v. Waugh, 28 Ill. 418; Morris v. Cheney, 51 Ill. 451.   In the last case here cited it is intimated, though not a part of the decision, that the first assignor must give notice in order to protect his rights.   This is in the nature of *dictum*. We can not regard it as deciding the point and overruling the case of Carr v. Waugh, *supra*, where it was held in a garnishee proceeding, a debt due the garnisheed party being attached, that a prior equitable assignee of the chose should be protected. ·

As to the other point, we are of the opinion that the appellant ought to be held to notice of the appellee's claim on the judgment.   The judgment had been upheld by the Circuit and Appellate Courts, and the presumption would be that it would also be sustained by the Supreme Court, yet the appellant purchased it for about twelve per cent. of the amount due on it.   This of itself, it would seem, ought to have put him on inquiry; but in addition it appears that his suspicions were so far aroused as to cause him to exact an affidavit from the judgment creditor, that the judgment had never been assigned, and he also inquired of the clerk as to whether any assignment was of record.   But he strangely failed to inquire of the plaintiff's attorney, the person of all others who would have been most likely to know all about it.   If he had inquired of him he would have been informed at once of his rights in the matter.

Having been once put on inquiry, the appellant should have pursued it till he had made all reasonable effort to ascertain if any one had any claim on the judgment, and such inquiries could not reasonably stop short of making inquiry of the attorney of Hawk, the appellee.   Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*