### James Vance v. Samuel Hickman et al.

1. JUDGMENTS—*When Judgment Debtor May Safely Pay the Judgment to His Creditor.*—The judgment debtor may safely pay the judgment to his creditor in person, in the absence of fraud, or actual notice, or facts from which this notice should be inferred, relative to the claims of others.

Vance v. Hickman.

2. NOTICE—*When Sufficient to Judgment Debtor—Assignments.*— Notice, in order to charge a judgment debtor with knowledge of an assignment of the judgment against him, should always be clearly proven, and should be of such a character that a disregard of it would amount to fraud.

Injunction.—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

TIPTON & TIPTON and E. D. RIDDLE, attorneys for appellant.

OWEN & OWEN, attorneys for appellees; C. M. PIERCE, of counsel.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee Hickman obtained a judgment before a justice of the peace for $88.95 July 1, 1899, and on the same day assigned it to appellee Pierce, one of his attorneys, in payment of attorney fees due to Pierce and others from Hickman. Appellant paid Hickman $65, July 8, 1899, to discharge the judgment, and it not having been paid to Pierce, execution was issued against appellant, to restrain which the bill in equity herein was filed, and issue having been made upon it, the cause was referred to the master in chancery to take the evidence and report his conclusions of law and fact, who, having reported adversely to appellant, the court, upon exceptions being taken thereto, overruled the same, approved such report, and gave its decree dismissing the bill for want of equity, to reverse which appellant brings this appeal.

The vital point in issue before the trial court—and the same question is argued here—was whether appellant had notice, actual or constructive, of the assignment of the judgment by Hickman to Pierce at the time the $65 was paid to Hickman to discharge the judgment. Unless such notice existed, we do not understand it would be claimed the decree is right. The master's finding does not proceed upon the line that actual notice was given, and if it did it would be hard to say the evidence would sustain such a

finding. The burden of proof was upon appellees to prove such notice by a preponderance of the evidence, and by giving the witnesses equal credit upon this point, as doubtless the master did, it could not be justly said such notice was proved as the law demanded. Then if the facts found, which the master concludes were sufficient to put appellant upon inquiry, and thus charge him with notice of what a reasonable inquiry would bring, are ineffective for such purpose, it will follow the decree is wrong and should be reversed. The facts recited by the master in his findings, upon which he bases his conclusion that appellant was put upon inquiry relative to the assignment of the judgment, and was guilty of bad faith, are, in effect, that appellant knew Hickman was insolvent, and of bad reputation, and that Pierce and others for whose use the assignment was made, were his attorneys in the suit; that on the day he paid Hickman it was convenient for appellant to have inquired at the offices of Pierce and the justice of the peace; that the check given by appellant for $60 of the money, was, at the request of Hickman, made payable to his son; and the further fact that payment was not made at the office of the justice of the peace. We are unwilling to say that all these facts together, or any of them separately, are sufficient to prove bad faith against appellant, or to charge him with notice of the assignment. Appellant knew Hickman was legally authorized to accept payment, for the judgment established that point; that he was insolvent and of bad reputation could not afford any just inference that he had assigned the judgment to any one, and was insufficient to require appellant to resort to inquiry at the office of the justice or the attorney. Hickman's attorneys knew appellant had the lawful right to discharge the judgment by payment to the judgment creditor, and it would have been easy if they desired to have their equities protected, to have given appellant actual notice of their claim, and in such form as no reasonable dispute could have arisen concerning it. The notice must be clearly proved and its character must be such that a disregard of it would be a fraud. (Pitman v.

Sofley, 64 Ill. 155.) The case of Hanks v. Ament, 28 Ill. App. 390, is easily distinguished from this in the fact that it was an assignee of the judgment—a purchaser of it— that sought protection against the equities of the attorney's claim, and it was there said, under the circumstances of that case inquiry should have been made of the attorneys themselves; but in the case of the judgment debtor himself, we are of the opinion that in the absence of fraud or actual notice, or facts from which this notice should be inferred, relative to the claims of others, the judgment debtor may safely pay the judgment to his creditor in person. Appellant was under no greater obligation to take care of the interests of the claimants to the Hickman judgment, than such claimants were themselves; and if the latter had been as diligent as it is insisted appellant should have been, no doubt can be indulged appellant would have received notice, and their interests been protected.

It follows from what we have said that we believe the decree is not supported by the findings of the master, and it will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.