Trumbull, J. This was a garnishee proceeding, instituted by McConnel, under E. S., ch. 57, §38, against John and Eichard McDonald, as debtors of William Hodson. The Circuit Court gave judgment against the McDonalds for the sum due from them to Hodson, and against Hodson for costs. It was objected, upon the argument, that Hodson alone had appealed, and that he could not be permitted to assign errors in the judgment against the McDonalds. In point of fact, an appeal was allowed to all the defendants in the Court below, and they have all united in the assignment . of errors, to which there is a joinder in error. After this, it is too late for the appellee to insist that only a part of the defendants below had appealed, and it is wholly immaterial, whether Hodson has a right to complain of the judgment against the McDonalds. They certainly have that right, and have availed themselves of it. The record shows, that the note upon which the judgment in favor of Hodson against the McDonalds was obtained, did not belong to him, but to the heirs of one Swain, for some of whom he was guardian, and to all of whom he was indebted, and that it was delivered to the attorney -who brought suit upon it, to collect for their benefit. Hodson had, therefore, no real interest in the judgment, although it was in his favor, as it had to be, the note never having been assigned. The fact that the record did not state that the judgment was for the use of the heirs of Swain, does not alter the case. The object of making such a statement upon the record, is, to notify the defendant and third persons who the real party in interest is, so that his rights may not be prejudiced by any transaction with the nominal plaintiff. If a defendant has notice that a judgment against him belongs to a person other than the plaintiff upon the record, he is as » much bound by such notice, as if the record stated the judgment to be for the use of such other person. In this case, the record shows that the McDonalds were informed of the transfer of the note, and that Hodson had no interest in it, before suit upon it was commenced. The doctrine is well settled, that courts of law will notice and protect the interests of the equitable owners of choses in action, and particularly so, in the matter of a garnishee proceeding, which is of an equitable character. According to the answers of the garnishees and the admissions of the parties, contained in the record, it is manifest that Hodson was not entitled to the benefit of the judgment in his favor, consequently his creditor, McOonnel, could have no claim upon it. Judgment reversed.