Carr *v.* Waugh.

---

HENRY H. CARR, Plaintiff in Error, *v.* WILLIAM WAUGH, Defendant in Error.

ERROR TO PUTNAM.

A lease of land was assigned ; the lessee was garnisheed by a judgment creditor of the lessor : *held*, that the assignee of the lease could not be held to answer to the plaintiff in the garnishee process.

In equity, all contracts and agreements may be assigned and will be protected, and the interest of the assignee will constitute a defense to a proceeding by garnishment.

THE defendant in error, as the judgment creditor of James S. Simpson, Timon Minnehan, and Sagar Wild, sued out garnishee process against the plaintiff in error, alleging said garnishee to be the debtor of said Simpson, one of the defendants in the judgment.

Written interrogatories were filed, and by agreement of the parties, the cause coming on to be heard at the March term of the Putnam Circuit Court, 1862, RICHMOND, Judge, presiding,

the hearing of the matter was submitted to the court, a jury being waived, and the garnishee answered orally.

He denied that he was indebted, unless upon the following lease:

"Article of Agreement, between J. S. Simpson and H. H. Carr, both of the county of Putnam, and State of Illinois, Witnesseth: The said Simpson has this day rented to the said Carr all that part of his farm that lies east of the meadow and hog-lot, containing twenty-two acres, more or less, to be determined by said Carr and A. H. Turner, to raise one crop of corn and potatoes. Said Carr has the privilege of cutting up three or four acres of corn for fodder, and the said Simpson to have the *paster* of *staks*. And the said Carr agrees to pay to the order of the said Simpson four dollars per acre for said land, which payment is to be made by the middle of July next. Witness our hands, this 13th day of April, 1861.

J. S. SIMPSON.
H. H. CARR."

Assignment on said lease:

"I hereby assign the within lease to A. H. Turner, for value received.
HENNEPIN, April 13, 1861.                    J. S. SIMPSON."

The garnishee put said lease and assignment in evidence.

Further answering, he stated that he took one copy of the lease, and Simpson took the other; that Simpson said, at the time, that he would leave the lease with A. H. Turner, who would assist him to measure the land and ascertain the quantity, and that said lessee could pay the rent-money to said Turner. Also, that the land was so measured, and contained nineteen and three-fourths acres. Also, that he, the garnishee, on the giving of said lease, understood that it was to be left with said Turner for collection.

Also, that he did not understand at that time that the lease was assigned by Simpson to Turner, though it might have been; that he had since been informed that the lease was then assigned to Turner in his (the garnishee's) presence, but had no recollection of it, and had no recollection of being notified of the assignment until after the garnishee summons was served.

He stated that there was no such indorsement on the copy held by him.

A witness was then called for the garnishee, who testified as to the execution of the lease at its date, and that it was on the same day assigned to Turner, as Carr knew or might have known.

That the assignment was written on the lease when the lease was executed, but not signed until the lease was executed; that on the same day Simpson started for Pike's Peak.

Waugh read the record of the judgment aforesaid, which was for $116.90 damages, besides costs.

Upon the foregoing evidence the court found for defendant in error. Moved for discharge. The garnishee then moved for a new trial; which motions being overruled, he excepted to the decision overruling the same, and the court rendered judgment against him for $78.66. That the said plaintiffs recover of the said defendant, Henry H. Carr, as garnishee of James S. Simpson, the said sum of seventy-eight dollars and sixty-six cents, and that he have execution therefor. To reverse which judgment he brings the case to this court.

He assigns the following errors:

The court erred in overruling motion to be discharged.

In overruling motion for a new trial.

In overruling motion in arrest of judgment.

In rendering judgment against Carr for full amount of indebtedness on lease, without any order as to costs properly incurred by garnishee.

Judgment not in proper form, being against Carr as garnishee of Simpson only, and is otherwise informal.

Judgment for Waugh, when it should have been for Carr.

M. Bangs, and T. M. Shaw, for Plaintiff in Error.

This contract was assignable under 3rd sec. Rev. Stat. 1845, and was assigned before due. Rev. Stat. 1845, p. 384, secs. 3 and 4.

It was assignable by the express terms of the contract, being payable to Simpson or order.

If not assignable under the statute, James S. Simpson had

no interest in the contract which could be reached by the garnishee. Rev. Stat. 1845, p. 66, sec. 15; 14 Ill. 132; Story on Cont. 376 *i*, 376 *k*, 376 *n*; Parsons on Cont. 195, 196; Addison on Cont. 782.

T. DENT, for Defendant in Error.

The plaintiff in error was rightly held as garnishee, he being indebted to Simpson, one of the judgment debtors of Waugh, the defendant in error.

The alleged assignment of the lease upon which he was so indebted, was not shown to be *bona fide.* But this was necessary to support it. *Born* v. *Staaden,* 24 Ill. 320, 322. Therefore, no effect should be given to it as an equitable assignment.

Nor was it shown to have been complete. There was a direction by Simpson that the lease, with other papers, should " go to Turner," the alleged assignee, they being left with Shaw, the witness; but no delivery of them was shown. An acceptance by the assignee was necessary. Drake on Attachment, sec. 526.

A mere direction from the supposed assignor to deliver or pay property to the supposed assignee, without his knowledge and assent, will not be considered as constituting an assignment, as against an attaching creditor of the assignor. Ibid. sec. 525 ; sec. 513 of earlier ed.

The lease was not negotiable. No definite sum was fixed by it. It contained mutual covenants. *Beezeley* v. *Jones,* 1 Scam. 34 ; *Chapman* v. *McGrew,* 20 Ill. 101 ; *Dixon* v. *Buell,* 21 Ill. 203.

Mere words of negotiability could not make it assignable.

WALKER, J. The garnishee answered, that on the 13th day of April, 1861, he leased of Simpson, one of the judgment debtors, a piece of land, to raise thereon a single crop. The quantity was not then known, but it was agreed, by the terms of the lease, by plaintiff in error and A. H. Turner, as rent of the land, plaintiff in error was to pay four dollars per acre. On the day the lease was executed, it was assigned

by indorsement to Turner. That Simpson then said he would leave the lease with Turner, and directed plaintiff in error to pay the rent to him. On measurement, the land was found to contain nineteen acres and three quarters. He also stated, that he did not understand at the time that the lease was assigned, although it might have been and he had been informed that it was, but he had no recollection of the fact, or of having been notified thereof, until after the service of the garnishee process, and there was no indorsement on the copy held by him. This lease was read in evidence, on the trial below.

It appeared from the evidence that the lease was executed at the time it bore date, and was on the same day assigned to Turner. That the assignment was written on the lease, when it was executed. That Simpson left for Pike's Peak the same day. The witness knew nothing of the consideration of the assignment, except as he learned it from Simpson. He learned from him that Turner had furnished him with money for the expedition, and that he wanted the lease, and other papers which he left with witness, to go to Turner, but he saw no money paid. Upon these facts, the court below found that plaintiff in error was indebted to Simpson in the sum of $78.66, for which judgment was rendered against him as garnishee.

Was this such an assignment as vested in Turner an interest, that would defeat a recovery, by the creditors of Simpson, against the garnishee? The lease was not negotiable, and the assignment did not pass the legal title. But in equity, all contracts and agreements may be assigned for a valuable consideration, and will be protected in that forum. It abundantly appears, that this assignment was duly made, and for a valuable consideration. Under this indorsement, Turner might have instituted suit, in the name of Simpson, for his use, recovered a judgment, and controlled its collection, independent of any action on the part of the lessor. After notice of the assignment to the lessee, his payment to the lessor would not have protected him against a recovery by the assignee. From these considerations it is manifest, that

the beneficial interest in the rent was vested in Turner by the assignment.

Does such an interest constitute a defense to this proceeding ? Equitable interests in choses in action, in modern times, have received a large protection by courts of law. In this respect, the rigid rules of the ancient common law, have been greatly relaxed. In this court it has been held, that courts of law will notice and protect the interest of equitable holders of choses in action, and especially so in this proceeding. In the case of *Hodson* v. *McConnel*, 12 Ill. 170, it was held that where a judgment is recovered, in the name of one person for the use of another, although the record fails to disclose that it was for his use, it was not subject to be garnisheed, for the payment of the debt of the nominal plaintiff. That decision is decisive of this case. In that case it was permitted to be shown, that a different person than the plaintiff on the record, was the equitable owner of the judgment, and his interest was protected. In this case, the assignment shows in whom is vested the equitable interest in the rent moneys, and it must be protected by the court.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*