## Donk Bros. & Co. *et al.*

### *v.*

## Alexander & Taussig.

*Filed at Mt. Vernon June 12, 1886.*

1. ATTACHMENT—*pro rata distribution, including proceeds of sale of perishable property.* Where two attachments against the same defendant are returnable to the same term, the several attaching creditors are entitled to share *pro rata* in all the property attached; and this applies as well to the proceeds of perishable property, arising from a sale before judgment, as to other property. Each attachment is a lien upon all the property attached, to the extent of the entire amount of the indebtedness for which it was issued.

2. SAME—*purchaser of one of the judgments—rights of the other creditors—merger.* A purchaser of property subject to the liens of two writs of attachment must discharge those liens in order to hold the property, and with respect to it becomes a debtor to the extent of the liens. But if he purchases one of the judgments, so that he occupies the position of the party required to pay and also the one entitled to receive the amount for which the property is liable, in respect to the judgment so purchased, there will be a merger of the qualities of debtor and creditor, and an extinguishment of both.

3. SAME—*assignment of judgment—protected at law.* The assignment of a judgment in an attachment suit will invest the assignee with the right to receive in the distribution of proceeds of the attached property, the sum his assignor would otherwise be entitled to; and a court of law will recognize and enforce the rights of such assignee.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Fourth District, which was heard in that court on appeal from the circuit court of St. Clair county. The following is a statement of the case:

Edmund C. Donk and others filed their affidavit in attachment against Ottomar W. Heyer, November 28, 1881; writ issued the same day, returnable to the February term, 1882, of St. Clair circuit court; levy made on real estate of Heyer,

and some personal property, as shown by writ; additional levy on other personal property made December 3, 1881, as shown by writ and sheriff's indorsement thereon; declaration filed February 9, 1882; appearance of Ottomar W. Heyer, entered by W. C. Kueffner, on the fifth Wednesday of the term, and judgment, by consent of parties, for $2600.75, as per stipulation on file, on the fifth Thursday, being the 23d of March, 1882.

Alexander & Taussig commenced suit in assumpsit against Ottomar W. Heyer, December 2, 1881; summons issued the same day; writ of attachment in aid sued out and issued same day; both writs returnable to February term, 1882. Levy was made on all the property before then attached under writ in favor of Donk and others, and also the additional, viz, "the entire stock of bone black in the buildings on the premises, about fifty barrels of marble dust or whiting, one part barrel grape sugar, two kegs of syrup and three sets of double harness." The additional property was found, and directed to be levied on by Mr. Taussig, one of the plaintiffs, and this additional levy was also, on the same day, indorsed on the Donk writ; declaration filed February 9, 1882.

On November 29, 1881, Ottomar W. Heyer made an assignment to Hugo Muench, assignee, in pursuance of the statute of Missouri, relating to assignments. This deed of assignment was recorded in St. Clair county, December 3, 1881, after the above levies. On December 13, 1881, the circuit court of St. Louis, Mo., made an order directing said Hugo Muench, as assignee, to sell all the property of O. W. Heyer, subject to all incumbrances, on the 5th day of January, 1882, and subject to the approval of the said court. On January 5, 1882, said assignee sold all of the attached property, real and personal, except that sold by the sheriff as perishable, to John B. Lovingston, William D. Marshall and George W. Lubke, as trustees for a corporation thereafter to be formed, for $2000. Said sale purported to be in pursuance

of the above order, and the notice of the sale specified that the sale was to be made subject to incumbrances. - Deed made by assignee to said vendees, dated January. 7, 1882. Report of sale approved by St. Louis circuit court, January 6, 1882.   At said sale personal notice of the levy of the attachment in favor of Alexander & Taussig was given by their attorney.

On February 27, 1882, the St. Louis Syrup, Glucose and Grape Sugar Company was incorporated, with John B. Lovingston, W. D. Marshall, George W. Lubke, L. S. Metcalf, Jr., and others, as stockholders.   By deed dated February 28, 1882, John B. Lovingston, W. D. Marshall and George W. Lubke, as trustees, conveyed to the St. Louis Syrup, Glucose and Grape Sugar Company, in consideration of $30,000, which was in full paid shares of the capital stock of said party of the second part, and whereof they retained for themselves, as trustees, $12,000, the property acquired by said trustees at the assignee's sale, "excepting such of said articles as have been heretofore sold by the sheriff of said St. Clair county, under levy of a certain writ of attachment issued in favor of Donk Bros. against said O. W. Heyer."

On January 26, 1882, the sheriff of St. Clair county, Illinois, sold the perishable property levied on under the attachment of Donk Bros., for $1363.70.   On April 11, 1882, the court rendered judgment for $2600.75, and awarded special execution therefor against property attached in favor of Donk Bros.

On April 25, 1882, the judgment of *Donk Bros. v. Heyer,* was duly assigned by Donk Bros. to Lyne S. Metcalf, Jr., and a special execution was issued upon said judgment in favor of Donk Bros., on March 19, 1883, but no sale made under it.   On the 24th of October, 1883, the said Lyne S. Metcalf, Jr., executed to the St. Louis Syrup, Glucose and Grape Sugar Company the following instrument:

"Whereas, Donk Bros. & Co., on November 28, 1881, in St. Clair county, Illinois, sued out an attachment, and levied upon certain leasehold and other property then belonging to Ottomar W. Heyer, defendant in said cause, and in which cause judgment was, on March 23, 1882, rendered in favor of said Donk Bros. & Co. for $2600 and costs, and which judgment was subsequently assigned to Lyne S. Metcalf, Jr.; and whereas, the St. Louis Syrup, Glucose and Grape Sugar Company has purchased all the property so attached and not sold: Now, know all men by these presents, that I, the said Lyne S. Metcalf, Jr., of St. Louis, Mo., do hereby, in consideration of $10 to me paid by said St. Louis Syrup, Glucose and Grape. Sugar Company, receipt of which is hereby acknowledged, remise, release and forever quitclaim unto said company, their assigns and legal representatives, all and singular any right or lien I may have against the premises and property so attached, of every kind, name and nature, and do hereby further assign, transfer and set over unto said corporation the judgment against said O. W. Heyer, hereinbefore recited, and assigned to me by said Donk Bros. & Co., to have and to hold said property and premises, and said judgment, with all the rights that I may or might be entitled to.

"In witness whereof, I have hereunto. set my hand and seal, the 24th day of October, 1883.

L. S. Metcalf, Jr.   [l. s.] "

Acknowledged at St. Louis, Mo., and recorded in the recorder's office of St. Clair county, Ill., in Book 173, p. 456.

At the February term, 1882, of the circuit court, in the case of *Alexander & Taussig* v. *Heyer*, the defendant appeared, and filed a plea to the declaration. Hugo Müench, as assignee of Heyer, filed an interpleader, claiming the property attached, real and personal, as assignee. Lovingston, Marshall and Lubke interpleaded, claiming the property attached as their own, as trustees, and as purchasers from Muench,

and claiming the proceeds of sale of the perishable articles, subject to the Donk attachment. The St. Louis Syrup, Glucose and Grape Sugar Company filed their interpleader, claiming the real and personal property attached as their own. Issues were joined, and at a subsequent term all the issues were tried, and decided by the court in favor of the plaintiff, and judgment rendered in the sum of $902.56, and general and special executions awarded. The interpleaders and the defendant sued out a writ of error to the Appellate Court, where the judgment was affirmed, then sued out a writ of error to the Supreme Court, where the judgment was likewise affirmed. Upon the final disposition of the case, Alexander & Taussig caused an execution to be issued, and all the personal property not sold as perishable, and all the buildings and fixtures having first been before destroyed by fire, the sheriff, under said execution, sold the leasehold estate of said Heyer, then in possession of the St. Louis Glucose Company, to plaintiffs, for $700, March 5, 1884, and the same was redeemed by said glucose company March 8, 1884, by payment of $701.90 to the sheriff. The following is a statement of the net proceeds of said sales under said attachment writs:

| | | |
|---|---:|---:|
| Proceeds of sale under Donk Bros. attachment | | $1363.70 |
| Costs of attachment | $178.52 | |
| Costs of execution | 7.45 | |
| | | 185.97 |
| Net proceeds of the Donk attachment | | $1177.73 |
| Proceeds of sale under attachment of Alexander and Taussig | | $701.90 |
| Costs of attachment | $17.90 | |
| Costs of execution | 116.65 | |
| | | 134.55 |
| Net amount left | | $567.35 |

This was all the evidence. Then the court found, as matter of law, that the claim of the judgment of Alexander & Taussig was preferred to the claim of Donk Bros. & Co., and entitled to preference in sharing the proceeds of the said sales, and to this finding Donk Bros. & Co. and the St. Louis Syrup, Glucose and Grape Sugar Company at the time excepted, and then the said Donk Bros. & Co. and the said company moved the court for a new trial or hearing of the motion, because the finding of the court was contrary to law, but the court denied the motion, and the movers thereof excepted. The court ordered the sheriff to pay out of the proceeds of said sales the judgment of Alexander & Taussig in full, and the balance to the said company, and to this judgment the said company and the firm of Donk Bros. & Co. excepted, and appealed to the Appellate Court for the Fourth District. The Appellate Court affirmed the judgment of the circuit court. This appeal is from that judgment.

Mr. Charles W. Thomas, for the appellants:

After the sale under the attachment of Donk Bros. & Co., they assigned their judgment to Metcalf, who subsequently, and before a sale under the judgment of Alexander & Taussig, had fixed the amount to be credited on each judgment, and assigned the first named judgment to the St. Louis Syrup, Glucose and Grape Sugar Company. These assignments carried with them the right to participate in the proceeds of the sales.

The company never became the owner of any lien upon the personalty because that was sold before it bought the Donk judgment. The property sold under the Donk attachment was sold as perishable property, and was expressly excepted from the sale to the trustees of the company.

The question of merger or extinguishment is not presented by the record. The question here is, whether the company which has purchased real estate upon which the judgment

was a lien, waived its right to receive money due on the judgment arising from a former sale of personalty, by merely purchasing the judgment. This is a proceeding at law, and under the statute all the court could do was to distribute the funds *pro rata* to the several judgment creditors. If there are equities to be adjusted, they should be referred to the equity side of the court.

Mr. CHAS. P. KNISPEL, for the appellees:

Where a vendee of land takes an assignment of a judgment affecting the property, he stands on his rights as vendee as to third persons, and his rights merge. 7 Wait's Actions and Defences, 321, 322.

An assignment of a judgment against two joint defendants, to a firm in which one defendant is a member, is a satisfaction of the judgment in favor of both: *Marley* v. *Stevens*, 47 How. 228; *Cox* v. *Hodge*, 7 Blackf. 146; *Sattle* v. *Whitlock*, 4 Mon. 452.

Any rights which depend for their support on the estate or right merged, will fail with it. 7 Wait's Actions and Defences, 321; *Clift* v. *White*, 15 Barb. 70. Thus the right to share *pro rata*, of Donk's assignee, will fail because of the merger of the judgment upon which this right would depend.

The judgment in favor of Donk Bros. must be considered satisfied, and all proceedings under it would be null and void, and the writs issued for its enforcement must also be treated as satisfied. Freeman on Judgments, sec. 480; Freeman on Executions, sec. 442; *McHenry* v. *Watkins*, 12 Ill. 233.

As to merger of estates and extinguishment of debt or lien, see *Dickason* v. *Williams*, 129 Mass. 182; *Pike* v. *Brown*, 7 Cush. 133; *Braman* v. *Douse*, 12 id. 227; *Jewett* v. *Draper*, 6 Allen, 434; 2 Washburn on Real. Prop. 193; *Strout* v. *Mining Co.* 9 Cal. 78.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We find no reason to disagree with the Appellate Court in its conclusions as to the law on these facts, as announced in its opinion filed on affirming the judgment of the circuit court. *Donk Bros. et al.* v. *St. Louis Glucose and Grape Sugar Co.* 17 Bradw. 374.

But counsel for appellants contend that the fact that appellants did not purchase the perishable property sold under the Donk judgment, renders the reasoning in the opinion of the Appellate Court inapplicable to the case before the court. This seems to assume that the Donk attachment, and the sale of the perishable property under it, are independent of the Alexander & Taussig attachment, and of the levy of both attachments upon other property which appellants did purchase, which is, very clearly, not admissible. The sale of the perishable property before judgment was obtained, was merely to prevent loss. (Attachment act, 1 Starr & Curtiss, sec. 20, p. 318.) So far as any question involved here is concerned, the case may be considered just as if that and all the other property attached had remained in the hands of the sheriff until the final sale by him of all the property attached, under both attachments, for since both attachments were returnable at the same term, they would share in the property attached *pro rata*, (sec. 37, Attachment act, *supra*,) and this applies as well to the proceeds of the perishable property as to the other property. Neither attachment was entitled to priority over the other in respect to any of the property attached, and each was a lien upon all of the property attached, to the extent of the entire amount of the indebtedness for which it was issued. And hence, when the appellant company, after it became the owner, subject to these attachments, of all the property attached except that which had been sold as perishable, purchased and became the assignee of the Donk judgment, it occupied, to the extent of the amount of that

judgment, the position of both debtor and creditor, and in such cases there is a merger of the qualities of debtor and creditor, extinguishing both. Abbott, in his Law Dictionary, vol. 2, title, "Merger," says: "Merger is the equivalent of *confusion* in the Roman law, and (when used with reference to demands,) indicates that where the qualities of debtor and creditor become united in the same individual, there arises a confusion of rights which extinguishes both qualities; whence, also, merger is often called extinguishment." Bouvier, in his Dictionary, vol. 2, title, "Merger," under the head of "Rights," says: "Rights are said to be merged when the same person who is bound to pay is also entitled to receive. This is more properly called a confusion of rights, or extinguishment. When there is a confusion of rights, and the debtor and creditor become the same person, there can be no right to put in execution." The same rule is recognized in Pomeroy's Equity, vol. 2, secs. 789, 790. The extinguishment is complete at law, though in equity, under certain circumstances, a merger or extinguishment will be prevented. (Ibid.) The assignments of the judgment invested the assignees, in the order of the assignments, successively, with the right to receive the amount to which the plaintiff in the judgment was before entitled, and a court of law recognizes and enforces the rights of such assignees. *Chapman* v. *Shattuck,* 3 Gilm. 49; *Carr* v. *Waugh,* 28 Ill. 418; *Morris, Admr. et al.* v. *Cheney,* 51 id. 451; *Hodson et al.* v. *McConnel,* 12 id. 170.

No right, therefore, recognized by a court of law, remained in Donk Bros. after the assignment, and there was nothing to prevent the legal merger or extinguishment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*