JOHN W. RENSHAW ET AL.

V.

THE CITY OF EAST ST. LOUIS, FOR USE OF JOHN DOWD.

*Municipal Corporations—Action on City Treasurer's Bond—Right of Creditor of City to Particular Fund—Payment of Fund to Treasurer's Successor.*

In an action by the creditor of a city, in the name of the city, on the official bond of the city treasurer, claiming that a certain fund in such treasurer's possession had been appropriated to the payment of plaintiffs' debt, this court holds, that upon the case presented, pleas setting up in substance that the defendant treasurer had paid the fund in question to his successor upon the direction of the city council, were good on demurrer.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

Mr. F. G. COCKRELL, for appellants.

Messrs. KOERNER & HORNER, for appellee.

REEVES, P. J.    Appellant John W. Renshaw was appointed treasurer of the city of East St. Louis, April 13, 1887, and gave bond, with appellant Bowman and others as sureties. This suit is brought on his official bond.    The breach assigned is that defendant Renshaw had in his hands, as such treasurer, $2,000, which he had been directed to hold by the Circuit Court of St. Clair County by an order of said court in a suit wherein John Dowd was complainant, and the City of East St. Louis and John W. Renshaw were defendants, and which sum the said city, by its council, ordered and directed the said Renshaw, as treasurer, to pay over to the parties entitled to the same upon certificates of indebtedness or warrants executed by said city, of which certificates the said John Dowd was, at the time of the beginning this suit, the legal holder, but the said Renshaw did not pay to said Dowd said sum of money, but refused so to do, etc.    A number of pleas were filed by the defendants, to which a demurrer was sustained and leave was given to file amended pleas, which were filed October 4, 1888.

These pleas are, in substance, that on the 13th day of April, 1888, one Martin Mantell was appointed treasurer of said city and the same day duly qualified as such treasurer, and became the successor in office of Renshaw; that since the last continuance of this cause on the 5th day of June, 1888, the said Mantell, as such treasurer and successor of Renshaw, by direction of the city council on the 9th day of July, 1888, demanded the same $2,000 in plaintiff's declaration mentioned, of Renshaw, and Renshaw, in compliance with such demand, and by direction of the city council, paid the $2,000 to his successor, Mantell.    To these pleas a demurrer was interposed and sustained, and defendants electing to stand by the

pleas, a judgment was entered for plaintiff. From this judgment Renshaw and Bowman prosecute this appeal. The only question before us is the sufficiency of these pleas.

The condition of Renshaw's official bond was "that he should well and truly perform the duties of his said office, and promptly account for and turn over to his successor, or other person designated to receive the same, all moneys, books, papers, property and valuables coming to his hands as such treasurer, as directed by the city council."

But for the fact alleged, that Renshaw was directed by the Circuit Court, to hold this sum of $2,000, and the further averment that the city council had directed Renshaw to pay it over to certain parties holding certificates of indebtedness or warrants of the city, it would not be contended that Renshaw had not fully complied with the conditions of his bond by paying this money over to his duly appointed and qualified successor in office. It will be seen that according to the averment in the declaration the order of the Circuit Court was, simply that Renshaw, as treasurer, should hold this money; so that when he ceased to be treasurer and his successor was duly elected and qualified and the money had been turned over to such successor, the order would equally apply to Renshaw's successor. It does not appear that the order of the Circuit Court gave any direction as to the payment of the money or how it was to be applied. Doubtless it was to be held subject to the future order of the court as to its disposition.

It is averred that the city council directed its payment upon certain indebtedness set forth in the declaration. We do not see how the treasurer could obey the order of the Circuit Court and at the same time comply with this direction of the city council. If he paid the money as it is averred the council directed him to do, he could not hold the money, as it is alleged the order of the Circuit Court required him to do. The turning over the money to his successor as treasurer would not, as we have seen, be in violation of the order of the Circuit Court, for the reason that as he was to hold this money as treasurer, when it passed into the hands of his suc-

cessor, he would hold it under the order of the Circuit Court, while it remained in force.   The pleas, in our judgment, presented a complete defense to the cause of action made by the declaration, and the demurrer to them should have been overruled.   In regard to the technical objection to the pleas, it may be said, if but one such plea can be filed, the first should stand and the second be stricken from the files.

In any view of the case we do not see any good reason why the city, after specifically directing this money to be turned over by Renshaw to his successor, and with this money in its treasury, should be permitted, even for the use of some one else, to compel Renshaw to pay it over again.   It would seem to be monstrous injustice for the city to demand that this money be paid over by Renshaw to his successor, as was right and proper it should do, and still insist in its own name, even for the use of one of its creditors, to recover a judgment against Renshaw for it.   After taking the money from Renshaw and placing it in the city treasury, it can not be heard to claim that Renshaw should pay it to one of the city's creditors.   If Dowd is entitled to the money let the council, after securing a modification of the order of the Circuit Court permitting its treasurer to do so, order it paid over to Dowd. If it declines, let Dowd apply to the Circuit Court for the enforcement of his claim.

While this appeal was only perfected by Renshaw and Bowman, all prayed and were allowed an appeal, and the errors assigned were upon behalf of themselves and the other defendants as well.   While there was no formal joinder in error, the case is to be treated under the statute as if error had been joined.   In such case the appeal may be treated as bringing the case for all the defendants below, before the court.   Hodson v. McConnel, 12 Ill. 170.

The judgment of the Circuit Court is reversed and cause remanded.

*Reversed and remanded.*