Consolidated Tank Line Co. v. Collier.

Consolidated Tank Line Co. v. Collier et al.

1. *Attachment, Garnishment and Interpleader — Non-resident Litigants—Rights of Domestic Creditors.*—The plaintiff, a corporation, under the laws of Ohio, sued out an attachment from the Hancock County Circuit Court, against the defendants, who were residents of

Iowa, and summoned a number of persons residing in Hancock County, as garnishees, who answered, admitting certain sums due, etc. J. F. Smith interpleaded, claiming the amounts due from the garnishees. A demurrer was overruled and judgment rendered upon the plea of interpleader. It appeared from the plea, that the defendant, by instruments in writing, duly executed, acknowledged, delivered and recorded, according to the laws of Iowa, had, prior to suing out the attachment, for the purpose of securing certain creditors, transferred their property, including the debts garnished, to Mr. Smith, and that, before the writ issued, he had taken possession of the merchandise and books of accounts, and notified the garnished debtors of his rights in the premises. Upon appeal, *it was held* that the laws of Iowa governed the transaction, so that, if legal there, it is legal in this State, unless the rights of domestic creditors are unfavorably affected.

2. *Non-resident Litigants—Resident Garnishees—Rights of Creditor.* —Where the plaintiff and defendant in an attachment proceeding are non-resident, the fact that persons indebted to the defendant, and summoned as garnishees, are residents, does not change the situation. The right to collect the amounts due from such persons as debtors, pertains to, and follows, the creditors, and the *situs* of the property held by the creditor is the residence of the creditor.

**Memorandum.**—Attachment for the collection of a debt. Garnishee process and interpleader. Appeal from the Circuit Court of Hancock County; the Hon. CHARLES J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed December 2, 1892.

### STATEMENT OF THE CASE.

Prior to December 10, 1890, the co-partnership of Collier, Robertson & Hambleton was engaged in business in Keokuk, Iowa. While so engaged sundry persons, residents of Illinois, became indebted to them, which indebtedness was evidenced by open accounts in the books of said firm. On the 10th day of December, 1890, said firm of Collier, Robertson & Hambleton, by two instruments in writing, transferred to J. F. Smith, as trustee, certain personal property to secure to the beneficiaries therein named sundry debts due and owing by the firm of Collier, Robertson & Hambleton, the description as applied to choses in action in the first conveyance being as follows, to-wit: "Also all notes and accounts belonging to the grantors, whether in process of collection or not. * * * The intention being

to convey all personal property, choses in action of the grantors, as fully as if each item was mentioned, and including all books of account, and the accounts therein contained;" and in the second instrument occurs the following:

"Also, all notes, accounts, account books and accounts therein, including judgments belonging to said firm, and including all the property in and about said premises belonging to the grantors, whether named herein or not." Each of the instruments was, on the day of its execution, filed for record in Lee County, Iowa, at Keokuk.

The Consolidated Tank Line Company had not only constructive notice of the existence of said instruments as given by the fact of recording, but also had actual notice of the acknowledgment, execution and delivery of same.

Under and by virtue of said instruments, and under and by virtue of the laws of the State of Iowa, there was transferred and set over unto J. F. Smith, as trustee, the debts due from the several garnishees in this case. Under the instruments said J. F. Smith, as trustee, took possession of the books of accounts and evidences of indebtedness from the several garnishees, and prior to the service of garnishment in this case notified each of the several garnishees that the several sums due from them to Collier, Robertson & Hambleton had been assigned to J. F. Smith, trustee, and that he was entitled to receive the sums due from them.

Smith accepted the trust created by the instruments, and took the open and manual possession of the property, and control of the evidences of the indebtedness of the several garnishees to the firm of Collier, Robertson & Hambleton. The Consolidated Tank Line Company is engaged in business in the city of Keokuk, and the claim sued on by it grows out of a transaction arising in the State of Iowa. To the interplea, the Consolidated Tank Line Company filed a demurrer, which was overruled, and the tank line company prosecutes an appeal.

## Appellant's Brief.

The mortgages were not recorded in Illinois. There was no attempt to comply with the laws of Illinois in that re-

gard. A lien of attachment on personal property in Illinois is superior to a lien of prior unrecorded mortgage. Green v. Van Buskirk, 7 Wall. (U. S.) 139.

Execution lien is superior to lien of chattel mortgage acknowledged before justice of the peace out of mortgagor's precinct and not recorded. Stephenson v. Browning, 48 Ill. 78.

"Mortgages must be recorded in the county where the mortgagees reside, if they reside in the State; if they do not reside in the State, then they must be recorded in the county where the property is situated." Jones on Chattel Mortgages, Sec. 252.

The property in question was in Illinois, and the mortgages not being recorded here, we submit that they are not good as against appellants.

Actual notice does not relieve from the duty to record mortgage to make a valid lien. Actual notice makes no difference. Porter v. Dement, 35 Ill. 478; Sage v. Browning, 51 Ill. 217; Self v. Sanford, 4 Brad. 328.

A debtor is only allowed to place his property beyond the reach of his creditors by making a general assignment of all his property, when he does so for the benefit of the creditors, by devoting it fairly to the payment of his debts, and not with a view to his own advantage. Gardner et al. v. Commercial Nat. Bank, 95 Ill. 306; Nesbitt et al. v. Digby et al., 13 Ill. 387; Phelps et al. v. Curts et al., 80 Ill. 113; Hardin v. Osborne, 60 Ill. 93.

In New York, and in most, if not all, of the United States, it has been held that the title acquired under foreign bankrupt or insolvent proceedings, will not prevail against the rights of attachment creditors, where the property is situated. Bishop on Insolvent Debtors, Sec. 236; Harrison v. Sterry, 5 Cranch (U. S.), 289; Ogden v. Saunders, 12 Wheat. (U. S.) 213; Pleastoro v. Abraham, 1 Paige (N. Y.), 236; Holmes v. Remsen, 20 Johns. (N. Y.) 229; Hoyt v. Thompson, 5 N. Y. (1 Seld.) 320; Alyt v. Thompson, Ex., 19 N. Y. 226; Kelly v. Crapo, 5 N. Y., 16 Wall. (U. S.) 610; Osborn v. Adams, 18 Pick. (Mass.) 245; 2 Kent's Com. 405–408.

CRAIG, McCRARY & CRAIG, and SHARP & BERRY BROS., attorneys for appellant.

## APPELLEES' BRIEF.

The laws of Iowa determine the validity of the instruments and their execution. It is alleged, in the plea, that said instruments were made in all respects in conformity with the laws of Iowa, and that they were duly acknowledged and delivered and recorded, in accordance with the laws of said State.

This allegation is admitted by the demurrer, and hence, if the laws of Iowa control, is conclusive against appellant's theory that the instruments are invalid, because, if properly executed and valid in Iowa, they are valid anywhere. Lipman v. Link, 20 Ill. App. 361.

All parties to this controversy were engaged in business in the city of Keokuk, Iowa, at the time of the execution of the instruments in controversy. There are no residents or citizens of the State of Illinois, whose rights are to be passed upon by this court. We therefore contend that the validity of the transfer is to be governed by the law of the place where same was executed. The Supreme Court of Illinois has recently had occasion to construe this question. The case of Heyer v. Alexander, 108 Ill. 385, held that foreign assignments had no extra-territorial effects as to the claim of resident debtors of the State of Illinois. The case of May v. First National Bank, 122 Ill. 551, held that foreign assignments, so long as the same did not interfere with the rights of resident creditors of Illinois, would be recognized and sustained by the courts of Illinois and would be governed by the laws of the place where they were executed. See also Chafee v. Fourth National Bank, 71 Maine 514, as follows: "The true rule of law and public policy is this: That a voluntary assignment made abroad. inconsistent in substantial respects with our statute, should not be put in execution here, to the detriment of our citizens, but that for all other purposes, if valid by the *lex loci*, it should be carried fully into effect." See also Guillander v.

Howell, 35 N. Y. 657; Woodward v. Brooks, 128 Ill. 224; Caskie v. Webster, 2 Wall., Jr., 131; Lipman v. Link, 20 Ill. App. 361; Smith et al. v. Whitaker et al., 23 Ill. 367; Juilliard & Co. v. May, 130 Ill. 87.

JAMES C. DAVIS, F. T. HUGHES and O'HARA, SCOFIELD & HARTZELL, attorneys for appellees.

OPINION BY THE COURT.

The appellant, a corporation under the laws of the State of Ohio, sued out of the Circuit Court of Hancock County a writ of attachment against Collier, Robertson & Hambleton, a partnership doing business in and resident of the State of Iowa.

A large number of persons residing within the said county of Hancock being indebted to said Collier, Robertson & Hambleton were summoned as garnishees and filed answers admitting certain sums due, etc., etc.

At the proper stage in the proceedings J. F. Smith was allowed to interplead, claiming the right to the money due from said garnishees. A demurrer was interposed by appellant to the interplea so filed by said Smith, and was overruled. Judgment was rendered accordingly, from which the present appeal is prosecuted. It appears from the averments of the plea that Collier, Robertson & Hambleton, by two instruments in writing, transferred their stock of merchandise, situate in Keokuk, Iowa, and all their bills receivable, including the several debts involved in this case, to the said J. F. Smith prior to the suing out of said writ of attachment, and that Smith, before the writ issued, took possession of the merchandise and of the books of account, and that he notified the various debtors of the firm, including the said garnishees, of his rights in the premises.

The instruments thus executed were for the purpose of securing certain creditors therein named. It is averred in the plea that they were duly executed, acknowledged, delivered and recorded in accordance with the laws of the State of Iowa, and were efficient for the purpose designed.

At least, we think the averments are in substance to that effect. If so, then the law of Iowa will govern the transaction, so that if legal there it will be legal here, unless the rights of domestic creditors would be unfavorably affected. Lipman v. Link, 20 Bradw. 359; Woodward v. Brooks, 128 Ill. 224.

The fact that the garnishees reside in this State does not change the situation. The right to collect the sum due from the debtor pertains to, and follows the creditors, and the *situs* of the property thus held by the creditor is the residence of the creditor. 2 Kent, 429; Cooper v. Beers, 143 Ill. 25, opinion filed at Springfield, November, 1892.

Much argument has been made as to whether it is really well pleaded that the transfer was valid under the law of Iowa, but we deem it unnecessary to follow the discussion.

Whether so valid or not, there was an equitable assignment of the choses in action, and there was notice to appellant as well as to the garnishees. Such equitable assignment will be protected in this State in garnishee proceedings. Hodson v. McConnel, 12 Ill. 170; Carr v. Waugh, 28 Ill. 418.

We find no error in the record, and the judgment will be affirmed.