## Hair, Use of, etc. v. The North Western National Bank et al.

1. GARNISHMENT—*What May Be Reached by.*—It is only the defendant's property and credits which can be reached by the process of garnishment, not the property and credits which he holds in trust for others.

2. GARNISHMENT—*What May Be Reached by—Application of the Law.*—J. recovered a judgment against W. F. H., upon which execution being returned unsatisfied, process of garnishment was issued against a bank. In its answer the bank admitted an indebtedness. J. V. H. filed a bill of interpleader claiming that the money in the bank belonged to him, the said W. F. H. being in all transactions relating thereto, his agent. To this interpleader a demurrer was sustained, and the said J. V. H. abided by his plea. *It was held,* that the garnishing creditor could acquire no greater rights against the garnishee than the defendant, W. F. H. had, and that as soon as J. V. H., the principal, appeared and claimed his money, the right of the bank to discharge its obligation by a payment to his agent, ceased.

3. AGENCY—*Agents Doing Business in Their Own Names.*—It has, from time immemorial, been to some extent customary for agents to do, in their own names, the business of principals; in such case the principal, when discovered, may be sued and held as such, or he may voluntarily come forward and claim the benefit of the contracts made and the business done by the agent.

4. AGENCY—*Doing Business in Agent's Name—An Exception to the Rule.*—The seeming exception to the rule above stated, existing in the case of a husband investing and using, with her consent, the money of his wife as his own and in his name, is based upon the marital relation and the presumptions as to ownership that flow therefrom.

**Memorandum.**—Garnishee proceedings, interpleader, etc. Appeal from the Superior Court of Cook County;.the Hon. GEORGE H. KET-

TELLE, Judge, presiding.   Heard in this court at the March term, 1892. Reversed and remanded.   Opinion filed May 11, 1893.

The opinion states the case.

APPELLANT'S BRIEF, B. W. ELLIS AND JAMES FRAKE, ATTORNEYS.

The creditor can acquire no greater interest in the debt than the defendant had at the time of the garnishment. Drake on Attachment, Sec. 604.

A claimant may show that the defendant (judgment debtor) acted in a contract to furnish certain materials and perform certain work as his agent.   McConnell on Trustee Process, 252.

When the property of a principal can be ascertained and separated, the creditors of an agent can not be allowed to appropriate it to the payment of their debt.   Sheehan v. Marston, 132 Mass. 162; Jackson v. Walton, 28 Vt. 43; Chapin v. Conn. R. R. R., 16 Gray, 69.

"It is only the defendant's property and credits which can be reached by the process of garnishment, not the property and credits which he has in trust for others."   Waples on Attachment and Garnishment, 20; Vandolah v. Kanouse, 15 Brad. 454; Sheldon v. Hinton, 6 Brad. 224, and Dehner v. Helmbacher Forge & Rolling Mills, 7 Brad. 47.

The ownership of a credit is frequently the subject of controversy.   In these cases, as a general rule, if the apparent contractor is made a defendant, the real contractor .may appear as a claimant and assert his right to the fund.   McConnell's Trustee Process, 51.

BLANKE & CHYTRAUS, attorneys for appellees.

OPINION OF THE COURT, WATERMAN, J.

Nils Johnson having recovered a judgment in the Superior Court of Cook County against William F. Hair, an execution issued on that judgment to the sheriff of Cook county, was returned *nulla bona*, and a garnishee process was thereupon sued out of said Superior Court, on the judgment, in the name of William F. Hair for the use of Nils Johnson,

against the North Western National Bank, as garnishee. In its answer to the garnishee proceedings, said bank admitted that at the time of service of said garnishee process it had on its books to the credit of said William F. Hair the sum of twenty-nine hundred and ten dollars and eighty-seven cents ($2,910.87). Thereupon the appellant, John V. Hair, filed in said garnishee case his plea of interpleader, claiming that the money on deposit with said North Western National Bank was, at the time of service, the property of said John V. Hair, furnished said William F. Hair by pursuance of a contract between Wm. F. and John V. Hair, by which Wm. F. agreed to enter the service of John V. in the matter of taking contracts for, and constructing sidewalks and other street improvements in the city of Chicago; that it was agreed that he, said Wm. F., would take contracts and do work in his own name, giving his entire time and attention to the business, carrying on and managing the same precisely as he would do, were he alone interested therein, collecting the price paid for work done, and paying the same over to him, the said John V. Hair; he, the said John V. Hair, agreeing to save the said Wm. F. harmless from all losses incurred by virtue of any contract so entered into, and furnishing all money necessary for carrying on such work, and paying to said Wm. F. $40 per week for his services under such agreement.

It was also alleged in the said plea of interpleader, that under this agreement Wm. F. Hair took contracts for work in his own name, but as agent for John V. Hair; that John V. Hair furnished the money needed for the performance of such contracts; that William F. Hair superintended such work and collected all the money paid for the same, and deposited the same in the said bank in his, said William F. Hare's name; that all the money deposited by said William F. in said bank, was and is the money furnished by said John V. Hair, or money received by said William F. Hair in payment for work done upon contracts under said agreement; that John V. has paid William F. Hair $40 per week pursuant to the contract, and that no part of said deposit belongs rightfully to William F. Hair.

To this plea, appellee interposed a demurrer, which was sustained by the court below, and appellant electing to stand by his plea, his suit of interpleader was dismissed by the court, and judgment for costs rendered against him.

It is urged in support of this judgment that the arrangement between the brothers was one well calculated to enable Wm. F. Hair to deceive the public; that being thus clothed with an apparent ownership of contracts and property he would be enabled to establish a credit for himself and might thus mislead third parties.

Granting that such is the case, we are not aware of any authority that renders the property of John V. liable for the debts of William F., not incurred in the prosecution of the business of John, or for such matters as John had impliedly or directly authorized his brother to undertake.

The indebtedness in question it is not pretended was incurred because of any agreement made by John with William Hair, or any authority to William by John given, or on account of any credit obtained by William because of anything John had done.

It has from time immemorial been to some extent customary for agents to do in their own names the business of principals; in such case the principal, when discovered, may be sued and held as such, or he may voluntarily come forward and claim the benefit of the contracts made and business done by the agent. Mechem on Agency, Secs. 695, 696, 701, 769.

A principal may enforce the payment to himself of unsealed written undertakings taken by and running to his agent. National Life Ins. Co. v. Allen, 116 Mass. 398.

An attaching creditor can acquire no other or greater rights against the garnishee than the defendant has. Drake on Attachment, Sec. 553.

The defendant in the present case, Wm. H. Hair, had, as against his brother, John V. Hair, no right to this money. So soon as John V., the principal and real owner, appeared and claimed this money, and that the bank should pay it to him, the right of the bank to discharge its obligation by a

payment to William, ceased. Mechem on Agency, Sec. 772; Warder v. White, 14 Brad. 50; Story on Agency, Sec. 418; Ewell's Evans on Agency, Marg. page 400, 404.

It is only the defendant's property and credits which can be reached by the process of garnishment, not the property and credits which he has in trust for others. Waples on Attachment and Garnishment, p. 200; Sheldon v. Hilton, 6 Brad. 216, 221; Hodson v. McConnell, 12 Ill. 170; Carr v. Waugh, 28 Ill. 418; Donk Bros. v. Taussig, 117 Ill. 330, 338; White v. White, 30 Vt. 338; Hall v. Williams, 120 Mass. 344.

The seeming exception to the rule above stated, existing in the case of a husband investing and using with her consent, the money of his wife as his own and in his name, is based upon the marital relation and the presumptions as to ownership that flow therefrom.

Appellee is not entitled to have applied to the satisfaction of his claim against Wm. H. Hair, the property of John V. Hair.

The judgment of the Superior Court will therefore be set aside and the cause remanded.