DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1905.

---

## W. H. Gray, for use of A. Timmons, v. Jacob W. Bever, et al.

### Gen. No. 4,529.

1. ASSIGNMENT—*when passes title to order for payment of money.* The indorsement of an order for the payment of money passes title thereto to the assignee notwithstanding the assignor fails to sign his name thereto, if he delivers the order so indorsed with the intention of transferring the ownership thereof, and the assignee may sue thereon in the name of his assignor for his use; he may sue thereon in his own name where after such indorsement and delivery the party upon whom the order is drawn recognizes and agrees to pay such assignee.

2. GARNISHMENT—*equitable assignee of debt protected against.* The equitable assignee of an order to pay money will be protected against the claims of a garnisheeing creditor of his assignor whose rights acquired by such proceeding were later in point of time.

3. GARNISHEE—*what question cannot be raised by.* A garnishee cannot raise the question that an assignment by the debtor is invalid because it seeks to split a single demand, where the drawee of such order has recognized the assignment and agreed to pay according to its terms.

Action commenced before justice of the peace. Appeal from the Circuit Court of Stark County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

KERNS & FLING, for appellant.

B. F. THOMPSON, for appellees.

(1)

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Timmons obtained a judgment before a justice of the peace against W. H. Gray for $198.83 on the 21st day of June, 1904, and swore out an execution which was returned, no property found, on the 22nd of June. Timmons then sued out a garnishee summons which was served on Jacob W. Bever and James Owens as garnishees. W. E. Gray interpleaded and claimed the funds in the hands of the garnishees and on a trial in the Circuit Court had judgment for $80 against garnishee Owens, from which Timmons appeals. The garnishee summons was served on June 27th on Owens and Bever. There is no serious conflict in the evidence which establishes the following facts: Appellee W. E. Gray is a son of W. H. Gray. W. H. Gray was indebted to his son, W. E. Gray, to the amount of $80 for borrowed money. Bever was indebted to W. H. Gray $80 and Owens was indebted to Bever $300 for digging a well, which was not due until the well was accepted, which was on July 7, 1904. W. H. Gray called on Bever, his debtor, on June 16th, for a settlement; Bever gave W. H. Gray an order on Owens for $80, and on the same day W. H. Gray presented the order to Owens, who wrote an acceptance on the order as follows:

"I accept the within order and will pay the same when the well is finished and accepted by me.

W. H. OWENS."

In pursuance of a previous contract between them W. H. Gray wrote across the back of the order an assignment to W. E. Gray and delivered it on the day the order was given to the assignor, but by mistake or oversight failed to sign his name to the assignment. Owens had noticed that the money was to be paid to W. E. Gray soon after the order was drawn and promised to pay it to appellee as soon as he settled with Bever for the digging of the well.

Only two questions are raised by appellant.

(1) It is contended that the assignment of the order by W. H. Gray to appellee without indorsing the name of the

Gray v. Bever.

assignor did not pass the legal title of the order to appellee and therefore appellee was not entitled to a verdict on his interpleader. This contention cannot be sustained. When W. H. Gray delivered the order to his son, intending in good faith to pass the title for a valuable consideration, appellee thereby became the equitable owner of the debt represented by the order. A suit on the order against Owens would in such case have to be brought in the name of W. H. Gray, but after the order was delivered and Owens was notified he promised to pay the order to W. S. Gray, which would constitute a contract by novation of parties and suit might then have been maintained in the name of W. E. Gray. Peoria Marine & Fire Ins. Co. v. Harvey, 34 Ill. 46, and cases there cited.

Even if appellee be treated merely as the equitable owner of the debt, still it is well settled that the courts of law will protect the equitable owner of choses in action against garnishee process by which it is sought to reach them as the property of the holder of the naked legal title. Carr v. Waugh, 28 Ill. 418; Hodson v. McConnell, 12 Ill. 170.

(2) It is next contended that the order being for only a part of the $300 debt due Bever, was invalid because the contract being an entirety could not be split up to suit the convenience of the payee. This is an objection that Owens might have raised, but even he has waived it by accepting and promising to pay the order.

It is not a matter which appellant can urge. The parties to the contract may, if they see proper, divide up a gross amount of indebtedness. Most people are quite willing to pay by installments.

We see no reason for disturbing this judgment and it is therefore affirmed.

*Affirmed.*