# Greenwich Insurance Co. v. Columbia Mfg. Co., for the use of the Citizens' National Bank.

1. INSURANCE—*Assignment of Policies.*—It is not necessary to the validity of an assignment of a policy of fire insurance that proof of the loss has been made and the rights of the policy holder determined by an adjustment. The loss by fire fixes the liability.

2. SAME—*Rights of Assignees of Policies.*—The assignment of a policy of insurance after a loss and before the rights of the policy holder have been determined by an adjustment, is an equitable assignment, and by it the assignee takes such rights as entitles him to protection, both in law and equity.

3. ASSIGNMENTS—*Rights of an Equitable Assignee.*—The rights of an equitable assignee of an insurance policy, after a loss has occurred, are superior to those of a subsequent attaching creditor of the original holder of the policy.

4. PROPOSITIONS OF LAW—*Must be Applicable to the Issues.*—Propositions of law not applicable to the issues raised by the pleadings are properly refused.

5. GARNISHMENT—*Garnishee with Notice of the Assignment of the Debt.* If a garnishee with notice of the assignment of the debt garnished to a third party fails to bring it to the attention of the court, the judgment rendered against him will be no bar to a suit to recover the debt by such third person.

6. SAME—*Assignees and Garnishees.*—The mere fact that the assignee of a debt knew of the pendency of garnishee proceedings in relation to it, and might have intervened to assert his right, does not relieve the garnishee of the duty of setting up in his answer the fact of his having received information of such assignment.

7. SAME—*Liability of Garnishee Under Different Jurisdiction.*—Courts will decline to adopt a construction of law which will impose a double liability upon a garnishee who, without collusion, fraud or negligence, has undertaken to fully discharge his duties under apparently conflicting laws of different jurisdictions. If required to pay his liability a second time, such hardship must result from his own neglect of duty.

**Attachment,** and garnishee proceedings. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

LA FORGEE & LEE, attorneys for appellant; MYRON H. BEACH, of counsel.

To hold that the question of jurisdiction is determined by the situs of the debt which is at the residence of the creditor, is to hold that a debt can not be garnished at all in foreign attachments, since the nonresidence of the principal defendant is the foundation of a foreign attachment. Lancashire Ins. Co. v. Corbetts, 165 Ill. 592; National Fire Ins. Co. v. Chambers, 53 N. J. Eq. 468; 32 Atl. Rep. 633.

Shinn, on page 683 of his work on attachments and garnishments, says: Foreign corporations are subject to the process of garnishment in all cases in which an original action may be commenced against them in the courts of this State to recover the debt in respect to which the garnishment process is served. This is in harmony with the rule before stated, that the demand must be one in which an action at law could be brought by the principal debtor.

A foreign corporation, having agents and property in the State of Massachusetts, and transacting business therein, became subject to the process of the courts of that State. Hannibal & St. Jo. R. Co. v. Crane, 102 Ill. 249; Harvey v. R. R. Co., 50 Minn. 405; s. c., 52 N. W. Rep. 905; Mobile & O. R. R. Co. v. Barnhill, 91 Tenn. 395; s. c., 19 S. W. Rep. 21; Handy v. Ins. Co., 37 Ohio St. 366; Nichols v. Hooper, 61 Vt. 295; s. c., 17 Atl. Rep. 734; Cross v. Brown, 33 Atl. Rep. (R. I.) 147; Mooney v. Buford & George Mfg. Co., 72 Fed. Rep. 32.

When, by a court having jurisdiction of the action and of the person of a garnishee, judgment is rendered against him, and he has satisfied it in due course of law, such judgment is conclusive against parties and

privies of all matters of right and title decided by the
court, and constitutes a complete defense to any subse-
quent action by the defendant against the garnishee
for the amount which the latter was compelled to pay.

Drake on Attachment, Par. 706.

There can be no doubt that where a part or the whole
of the debt of the garnishee to the defendant has been
paid under judgment against him such payment is as
effectual a bar, either *pro tanto* or complete, to a sub-
sequent action by the defendant upon that debt as if
the payment had been made to the defendant himself.
Ibid, 710.

It has been very well settled in this commonwealth
that a judgment against a garnishee in another State
where the court has jurisdiction of the person and of
the subject-matter will protect one here who has been
obliged to pay, or who is compellable to pay in pur-
suance of such judgment, although it be a debt due on
a promissory note or other negotiable security, although
no such judgment·would have been rendered against
the garnishee or trustee under our laws, and although
such law appears to us a little unreasonable.

He who pays under the judgment of a tribunal hav-
ing legal jurisdiction to decide, and adequate power
over the person or property to compel obedience to its
decisions, has an indisputable claim to protection.

Meriam v. Rundlett, 13 Pick. 511.

See, also, Holmes v. Remsen, 4 John. Ch. Rep. 460.

MILLS BROTHERS, attorneys for appellee.

Contended that an assignment, either legal or equi-
table, was all that was necessary, and it made no differ-
ence whether such assignment was made before or after
the proof of loss was made. The loss fixed the liability;
the assignment was not of the policy, but of the claim

or debt arising under it. The law is universal that such a claim can be assigned, and that the rights of the assignee will be protected both at law and in equity. The law is well settled that the rights of an equitable assignee is superior to that of a subsequent attaching creditor. In equity, all contracts and agreements may be assigned and will be protected, and the interest of the assignee will constitute a defense to a proceeding by garnishment. Carr v. Waugh, 28 Ill. 418; Morris v. Cheney, 51 Ill. 451; Dressor v. McCord, 96 Ill. 389; Bibend v. Liverpool Ins. Co., 30 Cal. 78; Washington Fire Ins. Co. v. Kelly, 32 Md. 457; 1 Phill. on Ins., Sec. 108; May on Ins. 386; Brichta v. N. Y. Lafayette Ins. Co., 2 Hall, 372; Mellen v. Hamilton Ins. Co., 17 N. Y. 609; Courtney v. N. Y. City Ins. Co., 28 Barb. 116; Phillips v. Merimack Ins. Co., 10 Cush. 350; West Branch Ins. Co. v. Helfenstein, 40 Pa. St. 289.

A valid assignment by the defendant, which transfers either the legal or equitable title to the assignee, is sufficient to discharge the garnishee from all liability. Dressor v. McCord, 96 Ill. 389; Wakefield v. Martin, 3 Mass. 558; Drake on Attachment, Secs. 522–526, 527–602, 603, 604; Foster v. Sinkler & Thompson, 4 Mass. 450; Carroll v. Boston Marine Ins. Co., 8 Mass. 515; Lazarus v. Commonwealth Ins. Co., 5 Pick. 76; Brichta v. Lafayette Ins. Co., 2 Hall, 372.

If the garnishee, with notice of an assignment or interest of a third person in the property or debt garnished, fails to bring it to the notice of the court, the judgment rendered against him will be no bar to a suit by such third person. Tabor v. Van Vranken, 39 Mich. 793; Noble v. Thompson Oil Co., 79 Pa. St. 354; 8 Am. and Eng. Ency. of Law, 1183, and cases cited; Drake on Attachment, Secs. 607, 608, and cases cited.

The obligation of the garnishee to state in his answer the fact of his having received information of the assignment of the debt, is not dispensed with by the fact that the assignee knew of the assignment and might have intervened to assert his right to the money. Drake on Attachment, 607a.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action in assumpsit brought on the twenty-first day of May, 1896, in the Circuit Court of Macon County, by the Columbia Manufacturing Company, of Decatur, Illinois, for the use of the Citizens' National Bank, against the Greenwich Insurance Company of New York, upon a policy of insurance for the recovery of damages occasioned by fire to property located at Decatur, and covered by the policy.

A special plea was filed, setting up that on the second of December, 1895, a suit in attachment was commenced by James M. Morrison against the Columbia Manufacturing Company in the Superior Court of Suffolk County, Massachusetts, in which the defendant Insurance Company was summoned as garnishee to answer whether it was indebted to the Columbia Manufacturing Company, that it answered on the sixth of January, 1896, that the Columbia Manufacturing Company had made a claim upon it, which claim had not been adjusted; that afterward, on the fifteenth of July, 1896, it further answered that the claim had been adjusted at $1,500 and had not been paid; that on the twenty-sixth of December, 1896, service by publication having been had upon the Columbia Manufacturing Company, judgment was rendered against it for $3,013.26 in favor of Morrison, and execution ordered against the defendant Insurance Company for the amount due from it to the Manu-

facturing Company; that on the twelfth of February, 1897, the entire $1,500 was paid on execution issued against it as garnishee and that thereby the obligation and liability on the policy of insurance had been discharged.

The plaintiff by way of replication alleged that on the twenty-third day of November, 1895, the plaintiff assigned its claim against the defendant Insurance Company to the Citizens' National Bank of Decatur, Illinois, to secure a large indebtedness then due and owing from the said plaintiff herein to the said bank; and that on the fifth day of December, 1895, prior to the making of the answer of the Greenwich Insurance Company to the interrogatories filed in the attachment proceedings in the Superior Court of Massachusetts, the defendant insurance company received written notice that the said claim had been assigned as aforesaid, and was thereby warned to pay said moneys to no other person than the said bank; and that at the time of making the answers as aforesaid, the defendant insurance company well knew that the moneys arising under said policy were due and owing to the Citizens' National Bank, whereupon it became and was the duty of the defendant insurance company to interpose in said proceedings as a defense thereto the said assignment, which the defendant failed to do.

To this replication defendant demurred generally, which demurrer was overruled, and the defendant was permitted to rejoin double.

In the first-rejoinder the defendant alleged that on the twenty-third day of November, 1895, when the said assignment was alleged to have been made, the amount of the indebtedness of the defendant insurance company to the Columbia Manufacturing Company had not been ascertained and was unknown, and the liability of this defendant was contingent upon the performance

of the conditions of the policy, and there was therefore no assignment. In its second rejoinder defendant alleged that the claim of the Columbia Manufacturing Company against the defendant had not been assigned by the manufacturing company.

The court sustained a demurrer to the first rejoinder. Upon the second, issue was joined and a trial had by the court without a jury.

The evidence showed the execution of the policy of insurance for $1,500, the destruction of the property by fire on the fourth of November, 1895, the execution of a written instrument of assignment of all moneys due and owing under the policy as security for an indebtedness due the bank on the twenty-third of November, that there was an indebtedness at the time exceeding the amount of the policy, that proofs of loss were not furnished the insurance company until after that date, that the insurance company was served with garnishee summons in the attachment suit as stated in the special plea and judgment rendered against it and paid as alleged, that on the fifth of December, 1895, I. F. Mills, representing the Citizens' National Bank of Decatur, called upon the president of the defendant insurance company and demanded payment of the amount of the policy, which payment was refused because of the garnishee proceedings pending, and that thereupon a written notice of the assignment from the Manufacturing Company to the bank was served upon the president of the insurance company by Mills in which the insurance company, was warned not to pay the insurance money due on the policy to any other person than the bank.

The Circuit Court rendered a judgment against the insurance company for $1,593.75 and costs.

It is contended by appellant that the payment of the garnishee judgment rendered against it in the Superior

Court of Suffolk County, Massachusetts, under compulsion of execution is a performance of its obligation to the Columbia Manufacturing Company and a discharge of its liabilities under the policy.

Appellant would have been in better position to urge that contention had it stood by its demurrer to appellee's replication.

Instead, however, it obtained leave to rejoin double and under that leave filed two rejoinders. To the rejoinder that when the assignment of the claim under the policy was made to the Citizens' National Bank, the amount of the loss had not been ascertained, the court sustained a demurrer. To the rejoinder that the claim had not been assigned to the bank, a similiter was filed. Only two issues, therefore, were presented by the pleadings; one of law, as to whether the first rejoinder was a sufficient answer to the replication; the other of fact as to whether the replication was true.

It was not necessary to the validity of the assignment that proof of loss had before then been made and the rights of the policy holder determined by adjustment. The loss by fire fixed the liability.

The assignment was an equitable assignment of the manufacturing company's claim, and by it the assignee took such rights as entitled it to protection both in law and equity. The rights of an equitable assignee are superior to those of a subsequent attaching creditor. Hodson v. McConnel, 12 Ill. 170; Carr v. Waugh, 28 Ill. 418; Morris v. Cheney, 51 Ill. 451; Dressor v. McCord, 96 Ill. 389.

The demurrer to the first rejoinder was properly sustained.

Under the issue raised by the second rejoinder to the replication, no other finding could have been made than that the assignment was made in manner as alleged.

Complaint is made of the ruling of the court in refusing to hold as the law two propositions tendered: First, that it was the duty of the Citizens' National Bank, on receiving notice of the attachment proceedings in Massachusetts against the insurance company, to set up its claim in the court there; second, that the judgment rendered against the insurance company as garnishee in the payment of it was a full and complete bar to this suit. Looking solely to the issues raised by the pleadings, we must say that those propositions were properly refused for the reason that they were not applicable, and we could very well dismiss that contention without further comment. But as counsel for appellant have filed an elaborate argument in support of the contention that it was the duty of the bank to interplead in the Massachusetts court, and having failed to do so, the payment of the garnishee's judgment by the insurance company was a complete satisfaction and discharge of all liability under the policy, we are ready to express our views upon the law of the proposition.

If a garnishee, with notice of an assignment to a third party of the debt garnisheed, fails to bring it to the attention of the court, the judgment rendered against him will be no bar to a suit by such third person. Drake on Attachments, Secs. 607, 608; 8 Am. and Eng. Ency. of Law, 1183, and cases therein cited.

The authorities are abundant in support of that holding. Nor will the mere fact that the assignee knew of the pendency of the garnishee proceedings and might have intervened to assert his right, relieve the garnishee of the duty to set up in his answer the fact of his having received information of the assignment.

Lancanshire Ins. Co. v. Corbetts, 165 Ill. 592, is not an authority against that view. In that case our

Supreme Court holds that where a debtor is garnisheed for the same debt by different parties in courts of concurrent jurisdiction in different States, the recovery and payment of judgment in one State will bar a recovery against him in the other State, if he has acted without collusion, fraud or negligence. In other words, it declined to adopt a "construction of the law which will impose a double liability upon a garnishee, who, without collusion, fraud or negligence, has undertaken to fully discharge its duties under apparently conflicting laws of different jurisdictions." But in the case at bar there was negligence on the part of the insurance company; that of failing to set up in its answer that it had received information of the assignment of the debt and that demand had already been made for payment by the assignee. If it is required by this suit to pay the liability a second time, that hardship results from its own neglect of duty. Judgment affirmed.