## James M. Reeves and J. Alfred Organ v. The People of the State of Illinois.

1. GARNISHMENT—*An Equitable Proceeding—Equitable Assignments Protected.*—Garnishment being an equitable proceeding, an equitable assignment of a debt will be protected and recognized against it by a creditor of the assignor.

2. EQUITABLE ASSIGNMENT—*When It Will Protect Against Attachments.*—An equitable assignment will secure the property against attachment for a debt of the assignor, though no notice to the person holding the property is given prior to the attachment if such notice is given in time to enable him to bring it to the attention of the court before judgment is rendered against a garnishee.

3. PRACTICE—*Certifying Indictments to the County Court for Trial.*—The failure of the clerk of the Circuit Court to indorse on the back of an indictment the statutory certificate, certifying the case to the County Court for process and trial, when the certificate and indictment are transmitted together under the same cover, does not vitiate the proceedings. It is at most simply an irregularity that can be cured if the attention of the court is called to it, and such failure is not the subject of attack in a collateral proceeding.

Garnishment.—Trial in the County Court of McLean County; the Hon. R. A. RUSSEL, Judge, presiding. Finding and judgment for garnishor. Appeal by garnishees. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

OWEN T. REEVES, attorney for appellant Organ.

HART & HOFFMAN, attorneys for appellant Reeves.

FLEMING, TROWBRIDGE & BOHER, attorneys for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is a garnishment proceeding instituted by the appellee. The People of the State of Illinois recovered a judgment against J. Alfred Organ in the County Court of McLean County for $100 and costs of suit, on the 14th day of December, 1897. Execution was issued on such judgment on the 15th day of February, 1898, and returned on the same day "No property found." A garnishee summons was issued and served on George W. White, whom it was claimed was indebted to appellant Organ in the sum of $50 for labor as a farm hand. Appellant Reeves entered his appearance and filed an interpleader setting up that Organ had verbally assigned his claim against White to him for a valuable consideration.

This case was tried by the court and judgment was rendered for appellee. James M. Reeves and J. Alfred Organ bring the case to this court by appeal. The facts upon which this case was tried were stipulated. From this stipulation it appears that on the 2d day of February, 1898, J. Alfred Organ verbally assigned to appellant James M. Reeves an account for $50 due him for labor performed by him for George W. White, garnishee in this case.

Garnishment is an equitable proceeding. The assignment of the debt of White to Organ was an equitable assignment and will be protected and recognized against garnishment by a creditor of the assignor, if assigned before the garnishee process is served. Savage v. Gregg, 150 Ill. 161, and cases cited.

In the case at bar the assignment of the account by Organ to Reeves was for a valuable consideration. Reeves agreed to perform certain legal services for Organ, which he did render. This assignment was made on the 2d day of February, 1898. The garnishee process sued out by appellee was served on White as garnishee on the 16th day of February, 1898. At this time White did not owe Organ anything. What he had owed him was now due Reeves. "An equitable assignment will secure the property against

attachment for the debt of the assignor, though no notice
be given prior to the attachment to the person holding the
property, if it be given in time to enable him to bring it to
the attention of the court before judgment is rendered
against a garnishee." Drake on Attachment, Sec. 527 (5th
Ed.); Greenwich Ins. Co. v. Columbia Mfg. Co., 73 Ill. App.
560; Gregg v. Savage, 51 Ill. App. 281; Walters v. Washing-
ton Ins. Co., 1 Clark (Iowa), 411. White, the garnishee, had
notice of the assignment of this account to Reeves before
the hearing and before the judgment was entered, and that
gives Reeves priority, and the right to the account against
White. The court erred in refusing to hold as the law the
third proposition of law submitted to the court by appellant
Reeves. By this the court was asked to hold that it is not
material that White had no notice of this assignment (to
Reeves) before he was served with the garnishee summons
or before he filed his answer. It is sufficient that notice of
the assignment was brought to White *pendente lite* and
before the hearing on the interpleader, and before any judg-
ment on his answer. It is claimed by appellant Organ that
the judgment introduced in evidence as the foundation for
garnishment proceedings is invalid. It appears from the
record that the grand jury of McLean county at the Sep-
tember term, 1897, of the Circuit Court, returned an indict-
ment into court against J. Alfred Organ, charging him with
an assault to do a bodily injury; that the Circuit Court
ordered that this indictment be certified to the County
Court for process and trial is not denied. The Circuit Clerk
failed to indorse the certificate on the back of the indict-
ment as required by statute, but a certificate in due form was
made by the clerk on a separate piece of paper which also
contained a fee bill. Such fee bill and certificate and indict-
ment under the same cover were transmitted to the county
clerk, but the certificate was not attached to the indictment.
At the December term, 1897, he had his trial under this
indictment and was found guilty by the jury of the offense
charged in the indictment and sentenced to imprisonment
in the county jail for one year, and to pay a fine of $100,
and judgment was entered upon the sentence of the court.

The failure of the clerk of the Circuit Court to indorse on the back of the indictment the statutory certificate, certifying the case to the County Court for process and trial, when the certificate and indictment are transmitted together under the same cover, does not vitiate the proceedings. It is at most, simply an irregularity that could have been cured if the attention of the court had been called to it. It is not the subject of attack in a collateral proceeding. The judgment is not void.

As White had notice of the assignment of the account against him by Organ to Reeves before the hearing on the interpleader or judgment on his answer, the judgment of the court should have been in favor of Reeves.

The judgment of the court below is reversed and the cause remanded.